# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4127

_____

| | | |
|---|---|---|
| Gloria Esperanza Ruano Salazar, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales,[1] Attorney General | * | [UNPUBLISHED] |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: April 28, 2006
Filed: May 5, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Gloria Esperanza Ruano Salazar, a citizen of Guatemala, petitions for review of a Board of Immigration Appeals (BIA) order, which affirmed an Immigration Judge's (IJ's) denial of Salazar's application for asylum and withholding of removal. We deny the petition.

---

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

After careful review of the record, we conclude that the BIA's decision is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Salazar failed to meet her burden of establishing eligibility for asylum on account of any protected ground. Even if guerrillas were responsible for her boyfriend's murder, and even if the guerrillas killed him because he was a bodyguard for an Army colonel, Salazar did not testify or present evidence that these guerrillas therefore imputed a particular political opinion to her and threatened her because of the imputation. Cf. Gomez v. Gonzales, 425 F.3d 543, 545-46 (8th Cir. 2005) (asylum applicants presented only conclusory allegation that soldiers' motivation in beating them was related to imputed political opinion, where soldiers said nothing about applicants' political opinions and no other event supported such an imputation). Further, the threats Salazar testified she received following her boyfriend's death were made by unnamed, unknown men, were relayed to her by third parties, and were unfulfilled. See Menendez-Donis, 360 F.3d at 916, 919 (rejecting Guatemalan citizen's asylum claim where, inter alia, there was "lack of clear evidence" as to identity of her attackers or motives for attacks); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (where petitioner was not closely confronted or otherwise harmed, he did not suffer past persecution from threats). As for the murders of her two uncles and cousin after she left Guatemala, Salazar testified simply that she believed they had been killed because of her "problem," and she presented no corroborating evidence that they were indeed killed by guerrillas. We agree with the IJ that the lack of both specificity and corroboration rendered Salazar's testimony less reliable. See Nyonzele v. INS, 83 F.3d 975, 983 (8th Cir. 1996) (although alien's testimony need not always be corroborated by documentation, it must bear some degree of reliability). Because Salazar's asylum claim fails, her request for withholding of removal necessarily fails as well. See Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard).

The petition for review is denied.

_____